**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TERRENCE KEITH PAYNE,**

    **Petitioner,**

v.                                                            Case No. 4:22cv426-AW/MAF

**RICKY D. DIXON, Secretary,
Florida Department of Corrections,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION
## TO TRANSFER HABEAS CORPUS PETITION

On November 4, 2022, Petitioner Terrence Keith Payne filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He paid the filing fee. ECF No. 4. By order on December 29, 2022, this Court directed Respondent to file an answer, motion, or other response to the petition on or before March 29, 2023. ECF No. 5.

On March 29, 2023, Respondent filed a Motion to Transfer Venue. ECF No. 9. Respondent also filed a First Motion for Extension of Time. ECF No. 10.

In the Motion to Transfer Venue, counsel for Respondent explains Petitioner Payne challenges his current confinement pursuant to a state court conviction from the Fourth Judicial Circuit Court, Duval County, Florida,

which is located in the Middle District of Florida. ECF No. 9 at 1-2; *see* ECF No. 1; 28 U.S.C. § 89(b). Jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration). Respondent further explains that section 2241(d) provides "that each of such district courts shall have concurrent jurisdiction to entertain the application, and that the district court for the district wherein the application is filed may, in its discretion, transfer the application to the other district court." ECF No. 9 at 2.

In support of the request to transfer the case, Respondent explains that Petitioner's trial court proceedings took place within the Middle District of Florida, Jacksonville Division. *Id*. Respondent further explains that, although Petitioner is currently incarcerated at the Wakulla Correctional Institution, which is in the Northern District of Florida, "the state court that rejected his challenges to his judgment and sentence is located in the Middle District." *Id*.; *see* 28 U.S.C. § 89(a). Respondent asserts "[t]he interests of justice will best be served if this action is transferred to the Middle District Court, Jacksonville Division . . . where the trial court proceedings took place." ECF No. 9 at 2; *see* Bell v. Watkins, 692 F.2d 999, 1013 (5th Cir. 1982); Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001).

Respondent's points are well-taken.  Because the district of conviction appears to be the most convenient and appropriate venue, Respondent's Motion to Transfer Venue should be granted and this petition, along with any pending motions, should be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division.  *Id*.; M.D. Fla. R. 1.04(a).  *See* Bell, 692 F.2d at 1013 (explaining that district of confinement's transfer to district of conviction was not an abuse of discretion where district of confinement transferred action "on the basis of the magistrate's recommendation which pointed out that the Southern District, where the defendant was convicted, was the more convenient forum because of the accessibility of evidence and that the Northern District had been overburdened with habeas petitions because of the presence there of the state penitentiary"); Eagle, 279 F.3d at 933 n.9 (citing 28 U.S.C. § 2241(d) and explaining: "The practice of the district courts in Georgia is to transfer habeas petitions filed in the district where the petitioner is confined to the district where the petition was convicted.").  *See also, e.g.,* Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) ("Under 28 U.S.C.A. § 2241(d), state convicts may file federal habeas corpus petitions in the district either where they are confined or where they were convicted.  The purpose of this, of course, is to provide a more convenient forum for

witnesses. Although section 2241(d) primarily governs jurisdiction, we believe it has implications as to venue between divisions in the same district. Section 2241(d) militates in favor of filing the applicant's petition in New Orleans, the division where the witnesses are located, rather than in Baton Rouge, the division in which the applicant is confined."). *See generally* Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992) (explaining that "district courts should avoid the temptation to transfer habeas petitions without giving careful consideration to the convenience of witnesses" and, at note 118, citing Mitchell); Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985) (explaining prisoner may bring habeas petition attacking conviction in another state that may subject him to future custody in that state: "In that situation, jurisdiction exists concurrently in both the district of the prisoner's confinement and the district in the state in which the conviction which he seeks to attack was entered. The most convenient forum will often be the district in the state whose conviction is being attacked, and a transfer of the case to that district is permissible, but not required, under 28 U.S.C. § 1404(a)." (citations omitted)).

## Conclusion

It is therefore respectfully **RECOMMENDED** that Respondent's Motion to Transfer Venue, ECF No. 9, be **GRANTED**, and the case file, including

any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Thus, the Court should deny a certificate of appealability. Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any such argument by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed,

the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's Motion to Transfer Venue, ECF No. 9, be **GRANTED**, and the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 31, 2023.

S/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.